**Michael A. MARTINSON, Plaintiff and Appellant,**

v.

**Walter RAUGUTT, in his official capacity as Sheriff of Dickey County, and First National Bank of Oakes, North Dakota, a corporation, Defendants and Appellees.**

**Civ. No. 10534.**

Supreme Court of North Dakota.

March 29, 1984.

Fleming & DuBois, Cavalier, for plaintiff and appellant; argued by Neil W. Fleming, Cavalier.

Tenneson, Serkland, Lundberg, Erickson & Marcil, Fargo, for defendant and appellee First National Bank of Oakes; argued by Roger J. Minch, Fargo.

James N. Purdy, State's Atty., Ellendale, for defendant and appellee Walter Raugutt.

GIERKE, Justice.

Martinson has appealed from a judgment that only partially disposes of an action in which "more than one claim for relief is presented ...." Rule 54(b), NDRCivP. We dismiss the appeal.

While neither party has questioned the appealability of the judgment in issue, "[i]t is the duty of this Court to dismiss an appeal on our own motion if we conclude that the attempted appeal fails to grant jurisdiction." *Hennebry v. Hoy*, 343 N.W.2d 87, 89 (N.D.1983).

Our review of the record presented to us discloses that First National Bank, in addition to answering Martinson's amended complaint, interposed two counterclaims.

The record before us does not indicate any adjudication or other disposition of those counterclaims. Nor does the record presented contain a Rule 54(b), NDRCivP, "express determination that there is no just reason for delay ...."

As we recently said in *Anderson v. State*, 344 N.W.2d 489 (N.D.1984):

"Because the requirement of Rule 54(b) that 'the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment' has not been met, the judgment is not final, but 'is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.' The partial disposition embodied in the judgment appealed from therefore is not ripe for review." (Citation omitted.)

Absent a Rule 54(b) determination, "a decision of the district court, however designated, which fails to adjudicate all claims of all the parties cannot be entered as a final appealable judgment." *Striegel v. Dakota Hills, Inc.*, 343 N.W.2d 785, 786 (N.D.1984).

■ Because the judgment appealed from leaves the Bank's counterclaims unresolved and no Rule 54(b) certification has been made, the judgment is not final and is not appealable.

■ First National Bank has requested that we determine that Martinson's appeal is frivolous and award the Bank its just damages and double costs including reasonable attorney's fees pursuant to Rule 38, NDRAppP. First National Bank has not provided us with any citations to authorities or any supportive reasoning. The request is denied.

Appeal dismissed without prejudice.

ERICKSTAD, C.J., and PEDERSON, SAND and VANDE WALLE, JJ., concur.