Doris COURCHENE, Individually, and as Personal Representative of the Estate of ValJean Courchene, Deceased, and Kim Courchene, Plaintiffs and Appellants,

v.

DELANEY DISTRIBUTORS, INC., a North Dakota Corporation, and Mitchel Larson d/b/a Larson Welding, Defendants and Appellees.

Civ. No. 870232.

Supreme Court of North Dakota.

Feb. 1, 1988.

Edward J. Bosch, Minot, for plaintiffs and appellants.

Rolfstad, Winkjer, McKennett and Stenehjem, PC, Williston, for defendants and appellees; argued by Mark L. Stenehjem.

ERICKSTAD, Chief Justice.

Plaintiff Doris Courchene, individually and as the personal representative of the estate of ValJean Courchene, appeals from a judgment entered in Williams County District Court. The judgment dismissed Courchenes' complaint against defendants Delaney Distributors, Inc. (Delaney) and Mitchel Larson, d/b/a Larson Welding (Larson).

The Courchenes' complaint alleged, *inter alia*, that ValJean and Kim Courchene were employees of the defendants when a fire erupted in Delaney's warehouse; that the proximate cause of ValJean Courchene's death and Kim Courchene's injuries was defendants' negligence; and that defendants' failure to comply with certain sections of Chapter 65-04, N.D.C.C., relating to Workmen's Compensation benefits, allows the Courchenes to sue defendants in a civil action rather than file a claim with the North Dakota Workmen's Compensation Bureau.

In his answer, defendant Larson denied that the Courchenes were employed by him. Larson also filed a cross-claim[1] against Delaney for the personal injuries he sustained while working in Delaney's building during the fire. In dismissing the Courchenes' complaint, the district court ruled the Courchenes "shall look solely to the North Dakota Workmen's Compensation Act."

The June 15, 1987, judgment made no reference to Larson's cross-claim against Delaney. A letter signed by Larson's attorney dated November 5, 1987, indicates that the district court has not "ruled upon in any way" Larson's cross-claim against Delaney. No Rule 54(b), N.D.R.Civ.P., order has been filed in this case. We therefore remand this case to the district court pursuant to Rule 35(b) of the North Dakota Rules of Appellate Procedure which allows us to retain jurisdiction of an appeal while remanding the case to the trial court for determination of an unresolved legal issue.

As the district court's judgment did not dispose of Larson's cross-claim against Delaney, we remand the record but retain jurisdiction of this appeal pursuant to Rule 35(b), N.D.R.App.P. We respectfully request the district court to expeditiously

---

1. The title of the lawsuit does not reference     Larson's cross-claim.

consider the propriety of issuing a Rule 54(b), N.D.R.Civ.P.,[2] order. For a detailed discussion of Rule 54(b), N.D.R.Civ.P., see *Union State Bank v. Woell*, 357 N.W.2d 234 (N.D.1984).

Remanded with instructions.

VANDE WALLE, GIERKE, MESCHKE and LEVINE, JJ., concur.

2. Rule 54(b), N.D.R.Civ.P., reads:

"*(b) Judgment upon Multiple Claims or Involving Multiple Parties.* If more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or if multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of that determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."