Alfred C. GILLMORE and Investors Management & Marketing, Inc., Plaintiffs and Appellants,

v.

Reginald MORELLI a/k/a Reggie Morelli, Defendant and Appellee.

Civ. No. 870308.

Supreme Court of North Dakota.

June 28, 1988.

Pringle & Herigstad, P.C., Minot, for plaintiffs and appellants; argued by James E. Nostdahl.

Pearson, Christensen & Fischer, Grand Forks, for defendant and appellee; argued by Garry A. Pearson.

ERICKSTAD, Chief Justice.

Alfred C. Gillmore and Investors Management & Marketing, Inc. (IMM), appealed from a judgment dismissing their complaint against Reginald Morelli to recover a commission for procuring a buyer for property owned by Morelli. We dismiss the appeal.

Gillmore, a real estate broker for IMM, sought and received Morelli's permission to seek a buyer for a beer distributing business owned by Morelli and his wife for a commission of 5% of the sale price. Gillmore contacted Jeff Miller, President of Coca-Cola Bottling Company of Minot (Coke), who indicated an interest in purchasing the property. The parties negotiated for the sale and purchase of the assets of Morelli Distributing, Inc., owned by Morelli and his wife, and associated real property owned by them. The parties exchanged a number of offers, counteroffers, and other documents in August, September, and October of 1986. On November 3, 1986, Morelli decided not to sell and ended the negotiations.

Gillmore and IMM sued Morelli to recover a commission of 5% of the sale price allegedly agreed upon by Morelli and Coke.[1] Morelli answered the complaint and raised a counterclaim for damages allegedly caused by Gillmore and IMM in their representation of him in the negotiations. The trial court granted Morelli's motion for a summary judgment dismissing the claim for a commission.

■ While the parties have not questioned the appealability of the judgment,[2] we must dismiss an appeal on our own motion if we conclude that it fails to grant jurisdiction. *Martinson v. Raugutt*, 346 N.W.2d 289 (N.D.1984); *Hennebry v. Hoy*,

1. Asserting that an agreement had been reached, Coke had previously sued Morelli Distributing, Inc., Reginald Morelli, and Brenda Morelli for specific performance. The trial court in that case held that there was no enforceable agreement.

2. Counsel for Morelli noted the unresolved counterclaim and the absence of a Rule 54(b),

N.D.R.Civ.P., determination, but expressed a belief that the judgment was appealable under § 28–27–02, N.D.C.C. To be appealable, a judgment "must come within the purview of Section 28–27–02. Once that hurdle is cleared, if Rule 54(b) is applicable, as it was in this case, that rule's separate requirements must be met." *Gillan v. Saffell*, 395 N.W.2d 148, 149 (N.D.1986).

343 N.W.2d 87 (N.D.1983). Absent an "express determination that there is no just reason for delay and ... an express direction for the entry of judgment" [Rule 54(b), N.D.R.Civ.P.], "a decision of the district court, however designated, which fails to adjudicate all claims of all the parties is an interlocutory and nonappealable decision." *Hennebry v. Hoy, supra,* 343 N.W. 2d at 90.

The record before us does not indicate any adjudication or other disposition of Morelli's counterclaim and does not contain a Rule 54(b), N.D.R.Civ.P., determination. Therefore, the judgment appealed from is not final and not appealable. *Martinson v. Raugutt, supra.* Furthermore, a Rule 54(b) determination would have been improper. As in *Union State Bank v. Woell,* 357 N.W.2d 234, 238–239 (N.D.1984), "[t]he claims raised in the main action and counterclaim arose from the same series of transactions and occurrences, are logically related legally and factually, and are closely intertwined" and "[t]here were no unusual or compelling circumstances presented to the court which dictated immediate entry of a separate judgment." By treating the judgment in the main action as interlocutory, it remains subject to revision at any time before entry of judgment adjudicating all the claims. *See* Rule 54(b), N.D.R.Civ.P.; *Union State Bank v. Woell, supra.* Thus, the outcome of the trial of the counterclaim may affect the decision on the main action and the trial court may make new or additional findings in the main action in light of its decision on the counterclaim. *See Union State Bank v. Woell, supra.*

The appeal is dismissed.

VANDE WALLE, LEVINE and GIERKE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of MESCHKE, J., disqualified.