WILLIAMS COMPANY, a partnership, Plaintiff and Appellant,

v.

Larry A. HAMILTON, Philip Hamilton, Margie Hamilton Ousterhout, and Judy Casper, individually and as heirs of the Estate of Finlay F. Hamilton, Defendants and Appellees.

Civ. No. 880057.

Supreme Court of North Dakota.

Aug. 17, 1988.

On Rehearing Sept. 20, 1988.

William P. Pearce, of Pearce & Durick, Bismarck, for plaintiff and appellant.

Mary E. Nordsven, of Howe, Hardy, Galloway & Maus, P.C., Dickinson, for defendants and appellees.

VANDE WALLE, Justice.

Williams Company appealed from a summary judgment determining that Larry A. Hamilton, Philip Hamilton, and Judy Casper (hereinafter referred to as the Hamilton heirs) owned the mineral interest in certain real estate, that certain deeds conveyed only a royalty interest, and that Williams Company was to provide the Hamilton heirs with an accounting as to the production of all oil and gas on the subject property. Because the record contains no order complying with Rule 54(b), N.D.R.Civ.P., we dismiss the appeal.

On March 10, 1952, Finlay F. Hamilton acquired an 84/480 undivided interest in all of the oil, gas, and other minerals in and under certain land in Bowman County. On March 7, 1953, Finlay granted a 4/480 undivided mineral interest to H.M. Leighty. That mineral interest is not in dispute in this case. Thereafter, Finlay executed a series of 27 instruments, each entitled "MINERAL DEED," the effect of which is the subject of the instant dispute. In 1981 the Hamilton heirs executed an oil and gas lease in favor of Williams. Williams paid a bonus consideration of $14,005.25 based on 80.03 net mineral acres.

Alleging that the Hamilton heirs actually own only 0.4166667 mineral acres, Williams

sued the Hamilton heirs to recover $13,932.23, which it alleged is "the amount of the bonus consideration paid to Defendants that is attributable to the 79.6133 net mineral acres not owned by Defendants, at $175.00 per net acre." The Hamilton heirs answered, requesting dismissal of the complaint, and asserted a counterclaim seeking to have their title to their claimed mineral interest quieted, an accounting of all oil and gas produced and sold from the premises, and a judgment for such sum as may be due them as a result of the accounting.

Williams Company and the Hamilton heirs submitted a written stipulation of facts to the district court. Pursuant to the court's order for summary judgment, a judgment was entered that dismissed Williams Company's complaint, determined that the 27 deeds executed by Finlay conveyed only royalty interests and not mineral interests, quieted title to the disputed mineral interests in the Hamilton heirs, determined that the lease between Williams Company and the Hamilton heirs entitled the Hamilton heirs to receive "³/₁₆ths of all oil and gas produced and saved from the leased premises" and ordered Williams Company to provide the Hamilton heirs with an accounting as to the production of all oil and gas on the property and of all monies paid from and after the date of production.

Williams Company appealed, raising the following issues:

"1. WHETHER PLAINTIFF IS ENTITLED TO A REFUND OF OIL AND GAS LEASE BONUS DUE TO FAILURE OF DEFENDANTS' TITLE.

"2. WHETHER, IF CERTAIN DEEDS CONVEYED ROYALTY INTERESTS, THE DISTRICT COURT ERRED IN CONSTRUING THE QUANTUM OF INTEREST CONVEYED."

Williams Company contends that, through the 27 disputed deeds, Finlay conveyed all but 5/480 of his mineral interest in 40 acres, thus retaining 0.4166667 net mineral acres. The Hamilton heirs, on the other hand, contend that the 27 deeds:

"conveyed nonparticipating royalty interests to the grantees. The executive right, the exclusive right to lease, was retained by the Grantor. Thus, as heirs of the Grantor the Defendants have the exclusive power to lease the property in question and consequently have properly retained the entire bonus paid by the Plaintiff."

■ Williams Company "has appealed from a judgment that only partially disposes of an action in which 'more than one claim for relief is presented.' Rule 54(b), N.D.R.Civ.P." *Anerson v. State*, 344 N.W.2d 489 (N.D.1984). Because Rule 54(b), N.D.R.Civ.P., has not been complied with, "[t]he partial disposition embodied in the judgment appealed from therefore is not ripe for review" (*Id.*, at 490), and we dismiss the appeal. See also *Gillmore v. Morelli*, 425 N.W.2d 369 (N.D.1988); *Martinson v. Raugutt*, 346 N.W.2d 289 (N.D. 1984) [counterclaims not adjudicated]. We could retain jurisdiction and remand for consideration of the propriety of issuing a Rule 54(b), N.D.R.Civ.P., order. *Courchene v. Delaney Distributors, Inc.*, 418 N.W.2d 781 (N.D.1988). We decline to do so, however, because, as we will briefly discuss, a Rule 54(b) order would be inappropriate. See *Union State Bank v. Woell*, 357 N.W.2d 234 (N.D.1984).

It is apparent that there are genuine issues of material fact precluding summary judgment pursuant to Rule 56, N.D.R.Civ. P. Deeds are construed in the same manner as contracts in order to ascertain the grantor's intent:

"The primary purpose in construing a deed is to ascertain and effectuate the intent of the grantor. *Malloy v. Boettcher*, 334 N.W.2d 8, 9 (N.D.1983). Section 47–09–11, N.D.C.C., provides that grants of real property 'shall be interpreted in like manner with contracts in general except so far as otherwise provided' in that chapter.

"We therefore look to the rules for interpreting contracts provided by Chapter 9–07, N.D.C.C., to aid us in construing a deed." *Mueller v. Stangeland*, 340 N.W.2d 450, 452 (N.D.1983).

■ Each of the 27 deeds was a printed form document entitled "MINERAL DEED." Each deed provided for the con-

veyance of "an undivided........interest in and to all of the oil, gas and other minerals in and under and that may be produced from" the described lands. In each deed, the word "Royalty" was typed in the blank space preceding the word "interest" in the above provision. Insertion of the word "Royalty" in a printed deed form suited to the conveyance of a mineral interest creates an ambiguity because "rational contrary arguments can be made as to the meaning of the language in question." *Johnson v. Mineral Estate, Inc.*, 343 N.W.2d 778, 780 (N.D.1984). Finlay's "ambiguously expressed intentions, ... are questions of fact to be determined with the aid of extrinsic evidence." *Bohn v. Johnson,* 371 N.W.2d 781, 788 (N.D.1985).

■ Furthermore, the grantees in the 27 deeds executed by Finlay have not been made parties to this action. Those grantees may have evidence of and insight into Finlay's ambiguously expressed intentions not presented or possessed by the parties to this action. In our view, those grantees should have been made parties. See Rule 19, N.D.R.Civ.P. Rule 19, N.D.R.Civ.P., is identical to Rule 19, F.R.Civ.P. As the authors observe in 7 C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure:* Civil 2d § 1602, pp. 19–21 (1986):

"... [T]he rule should be employed to promote the full adjudication of disputes with a minimum of litigation effort.

\* \* \* \* \* \*

"Adjudication of a case in the absence of persons who have a strong interest in the dispute may lead to a duplication of effort for all concerned. For this reason Rule 19 has been formulated to avoid circuity of actions and in this sense is an aid to judicial administration....

"Rule 19 is designed to protect the interests of absent persons as well as those already before the court from multiple litigation or inconsistent judicial determinations...."

Although a nonparty may not be bound by a judgment, a "nonparty's claim or defense may be impaired as a practical matter." *Id.,* at 23. Therefore, on remand, the grantees in the deeds at issue, or their successors, should be afforded the opportunity, as parties, to present whatever claims they wish to assert.

Finally, as the Williams Company observed at oral argument, the proper quantum of royalty involved had never been squarely presented to the trial court and there are several possible interpretations which must be considered before making the factual determination of the correct royalty.

The appeal is dismissed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

ON PETITION FOR REHEARING

Williams Company filed a petition for rehearing contending that by dismissing its appeal we have made the district court's summary judgment final, there can be no remand, that the action is finished, and the district court's judgment that the deeds were royalty deeds will be res judicata, directly contrary to our holding that summary judgment was improper because the deeds were ambiguous.

■ It is apparent from our opinion that we do not consider the judgment a final judgment because no money judgment was entered against Williams Company. See 1 Am.Jur.2d 437, *Accounts and Accounting,* § 63. "In the phrasing of Rule 54(b), it is obvious that these rulings adjudicate 'fewer than all of the claims' and do 'not terminate the action.' Therefore, the rulings are 'subject to revision at any time before the entry of judgment adjudicating all the claims'..." *Matter of Estate of Stuckle*, 427 N.W.2d 96, 103 (N.D. 1988) (Meschke, J., concurring). Williams Company is entitled to move to reconsider the partial summary judgment entered against it and, if unsuccessful, may raise the issues on appeal from a final judgment entered against it.