**Norbert J. KESSEL and Virginia Kessel, Plaintiffs and Appellants,**

v.

**WESTERN SAVINGS CREDIT UNION, Defendant and Appellee.**

Civ. No. 880164.

Supreme Court of North Dakota.

Jan. 9, 1989.

Keogh Law Office, Dickinson, for plaintiffs and appellants; argued by Robert A. Keogh.

Pearce & Durick, Bismarck, for defendant and appellee; argued by Lawrence A. Dopson.

GIERKE, Justice.

Norbert J. and Virginia Kessel appeal from a summary judgment dismissing their complaint against Western Savings Credit Union (Credit Union). We dismiss the appeal.

The Kessels alleged that the Credit Union's repossession of their automobile constituted a breach of the peace. The district court granted summary judgment dismissing the Kessels' breach of peace claim, but permitted the Kessels to amend their complaint to include a claim for wrongful repossession and conversion of the automobile by the Credit Union. Judgment was entered on the breach of peace claim, but the wrongful repossession claim remains pending.

Although the parties have not questioned the appealability of the judgment dismissing the breach of the peace claim, we must dismiss this appeal on our own motion if we conclude that we are without jurisdiction. *Gillmore v. Morelli,* 425 N.W.2d 369 (N.D. 1988); *Buurman v. Central Valley School District,* 371 N.W.2d 146 (N.D.1985).

Rule 54(b), N.D.R.Civ.P., provides:

"If more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or if multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of that determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not termi-

nate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Absent a Rule 54(b) certification, a decision of the trial court which fails to adjudicate all of the claims of all of the parties is interlocutory and not appealable. *E.g., Regstad v. Steffes,* 433 N.W.2d 202 (N.D. 1988); *Gillmore, supra.*

This record does not contain an adjudication or other disposition of the Kessels' claim for wrongful repossession and conversion of the automobile and does not contain a Rule 54(b) certification of the adjudicated breach of the peace claim, if indeed such a certification would be justified in this instance.[1] Accordingly, the judgment appealed from is not final and not appealable. *Gillmore, supra.*

The appeal is dismissed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

1. For a detailed discussion of the criteria to be considered by trial courts in assessing the propriety of a Rule 54(b) certification, *see Union State Bank v. Woell,* 357 N.W.2d 234 (N.D.1984). In *Union State Bank, supra,* we determined that a trial court's Rule 54(b) certification was improvidently granted and dismissed the appeal without reaching the merits. *See also Buur-* *man, supra.* Because it does not appear that unusual or compelling circumstances dictate immediate entry of a separate judgment, we have not remanded pursuant to Rule 35(b), N.D. R.App.P., so that the trial court might consider the propriety of a Rule 54(b) order. *Courchene v. Delaney Distributors, Inc.,* 418 N.W.2d 781 (N.D.1988); *see Regstad, supra.*