STATE of North Dakota ex rel. Gary D. PRESZLER, Commissioner, Department of Banking and Financial Institutions, Plaintiff,

v.

COMMON TITLE BOND AND TRUST, a South Dakota business trust; Harry E. Carlson; Lloyd B. Gunderson; Gloria Sheldon; and Keith Williams, John Deatherage, and Byron Dale, as trustees of Common Title Bond and Trust, a South Dakota business trust; Defendants.

Ronald D. BRAKKE, individually and as a trustee of Common Title Bond and Trust, a South Dakota business trust, Defendant, Third–Party Plaintiff, and Appellant,

v.

Gary PRESZLER, individually and as Commissioner of Banking for the State of North Dakota; Nicholas Spaeth, individually and as Attorney General for the State of North Dakota; and Alan Greenspan, as Chairman of the Federal Reserve Board of Governors, Third–Party Defendants,

and

Federal Reserve Bank of Minneapolis, Third–Party Defendant and Appellee.

Civ. No. 880170.

Supreme Court of North Dakota.

Feb. 10, 1989.

nity to respond and a hearing was held on the motion.

Ronald Brakke, defendant, third-party plaintiff, and appellant, pro se, Horace, North Dakota.

Jon R. Brakke, of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for third-party defendant and appellee (on brief).

VANDE WALLE, Justice.

Ronald Brakke appealed from an order dismissing his complaint against the Federal Reserve Bank of Minneapolis and its board of governors (Federal Reserve). Because there is no Rule 54(b), N.D.R.Civ.P., order, we dismiss the appeal.

This action was brought by the Commissioner of Banking and Financial Institutions of the State of North Dakota to enjoin and restrain Brakke and others from operating Common Title Bond and Trust, a South Dakota business trust, in North Dakota. Brakke filed a third-party complaint alleging, inter alia, that Federal Reserve has violated the United States Code by "refus[ing] to issue legal tender currency for lawful agriculture, commercial and industrial purposes to the detriment and damage of the Third Party Plaintiff and others." The trial court filed an order granting Federal Reserve's motion to dismiss on April 26, 1988, and Brakke appealed.

Although neither party has questioned the appealability of the trial court's order, we must dismiss the appeal on our own motion if we conclude that the attempted appeal fails to grant us jurisdiction. *Gillmore v. Morelli*, 425 N.W.2d 369 (N.D. 1988). A determination as to whether we have jurisdiction to hear an appeal involves a two-step process:

"First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC § 28–27–02. If it does not, our inquiry need go no further and the appeal must be dismissed. *Gillan v. Saffell* [395 N.W.2d 148 (N.D.1986)]. If it does, then Rule 54(b), NDRCivP, must be complied with. E.g., *Production Credit Ass'n of Grafton v. Porter*, 390 N.W.2d 50 (N.D. 1986). If it is not, we are without jurisdiction. *Ibid.*" *Gast Construction Co., Inc. v. Brighton Partnership*, 422 N.W. 2d 389, 390 (N.D.1988).

No argument was heard whether dismissal of the third-party complaint is appealable under Section 28–27–02. However, even if that section does allow such an appeal, the absence of a Rule 54(b), N.D.R.Civ.P., order in this case is fatal. See *Gast Construction Co., Inc., supra.* That rule specifies:

"If more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, *or third-party claim,* or if multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an *express direction for the entry of judgment.* In the absence of that determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties *does not terminate the action as to any of the claims or parties,* and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." [Emphasis added.]

Thus, unless the trial court has disposed of all matters concerning all of the parties or has issued a ruling pursuant to Rule 54(b), this court does not have jurisdiction to hear

the appeal.[1] See *Jerry Harmon Motors v. First National Bank & Trust Co.*, —— N.W.2d —— (N.D.1989); *Regstad v. Steffes*, 433 N.W.2d 202 (N.D.1988); *Sargent County Bank v. Wentworth*, 434 N.W.2d 562 (N.D.1988); *Gillan v. Saffell, supra.* The reason for having such a rule is to discourage piecemeal disposal of multi-claim litigation. *Union State Bank v. Woell*, 357 N.W.2d 234 (N.D.1984).

Because not all claims of the parties have been disposed of by the trial court and because there is no Rule 54(b) certification, the appeal is dismissed.

ERICKSTAD, C.J., GIERKE, J., and VERNON R. PEDERSON and A.C. BAKKEN, Surrogate Justices, concur.

VERNON R. PEDERSON and BAKKEN, Surrogate Justices, sitting in place of MESCHKE and LEVINE, JJ., disqualified.

---

1. Whether or not the third-party complaint was properly dismissed is, of course, an issue which may be raised on appeal from a final judgment. E.g., *Suburban Sales v. District Court of Ramsey*, 290 N.W.2d 247 (N.D.1980) [Although the order of the district court may be interlocutory and not appealable as such, it does not follow that the order may not be reviewable upon an appeal from the judgment entered after trial of the action].