**Dale CEARTIN, Plaintiff and Appellant,**

v.

**Thomas OCHS and Koch Industries, Defendants and Appellees.**

**Civ. No. 910164.**

Supreme Court of North Dakota.

Jan. 14, 1992.

Thomas A. Dickson of Nodland & Dickson, Bismarck, for plaintiff and appellant.

Randall J. Bakke of Fleck, Mather & Strutz, Bismarck, for defendants and appellees; appearance by Scott Porsborg.

LEVINE, Justice.

This appeal from an order granting a new trial raises the question whether, in light of our developing doctrine of finality for appeals, an order granting a new trial is appealable without Rule 54(b) certifica-

tion. We hold it is not and dismiss this appeal.

Dale Ceartin was injured in a two-car accident. Thomas Ochs, the driver of the second vehicle, was employed by Koch Industries and driving its vehicle. Ceartin sued Ochs and Koch Industries. The case was tried before a nine-person jury. During the trial, the motor vehicle crash report which referred to Koch's insurance carrier was inadvertently introduced as an exhibit. During closing arguments, counsel for Ceartin remarked that Ochs would not be held personally responsible for damages.

The jury awarded Ceartin $124,021.22, but found him thirty-five percent negligent. Forty-six thousand dollars of the total award was for future economic damages. Koch Industries and Ochs moved for a new trial, claiming they were prejudiced by the explicit and implicit references to insurance. In the alternative, they moved to reduce the $46,000, arguing that there was insufficient evidence to justify that amount. Because of the perceived adverse impact of the introduction of the insurance information and the remarks of Ceartin's counsel during closing arguments, the trial court set aside the jury verdict and ordered a new trial or, in the alternative, remittitur of $46,000. Ceartin appealed from that order.

■ Neither party has raised the issue of appealability but we may consider appealability sua sponte and we do so in this case. *Peterson v. Zerr*, 443 N.W.2d 293.

(N.D.1989). In *Gast Construction Co. v. Brighton Partnership*, 422 N.W.2d 389 (N.D.1988), we explained the juxtaposition of the orders described in NDCC § 28–27–02 [1] that "may be carried to the supreme court" and what it takes to make those orders immediately appealable. We recognized that the first step in the appeal process is that the order appealed from must be included within NDCC § 28–27–02. Once that requirement is met, there must be compliance with Rule 54(b), NDRCivP.

Rule 54(b) provides:

"If more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or if multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon the express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of that determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

1. NDCC § 28–27–02 states:
"The following orders when made by the court may be carried to the supreme court:
   1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;
   2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;
   3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 35–22–04, or which sets aside or dismisses a writ of attachment for irregularity;

   4. An order which grants or refuses a new trial or which sustains a demurrer;
   5. An order which involves the merits of an action or some part thereof;
   6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or
   7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice."

■ Rule 54(b) authorizes the trial court to direct the entry of a final judgment (from which an appeal may be taken) on less than all claims if the court expressly finds that there is no just reason for delay and if the court expressly directs entry of judgment. However, the rule is to be applied cautiously. *See Union State Bank v. Woell*, 357 N.W.2d 234 (N.D.1984). While the decision to grant Rule 54(b) certification is discretionary, certification should be granted only after the court considers the relevant factors set out in *Woell*, as well as other relevant factors that may bear upon a particular case. The rule is designed to deter piecemeal appeals and it is up to the trial court to weigh the policy against piecemeal appeals "against the exigencies" of a particular case. *Id. See also* Explanatory Note to NDRCivP 54(b). Ordinarily, a Rule 54(b) certification is reserved for the infrequent harsh case. *Peterson v. Zerr*, 443 N.W.2d at 297. In the absence of a Rule 54(b) certification, an appeal may not be taken if there are claims which remain unadjudicated. *See Gillmore v. Morelli*, 425 N.W.2d 369 (N.D.1988).

■ An order granting a new trial is an appealable order under NDCC § 28-27-02. Rule 54(b) is thus applicable to an order granting a new trial because that order does not terminate the action or any of the claims or parties in the action. It is therefore not a final order for purposes of appeal. There is no Rule 54(b) certification in this case nor do we believe this to be the sort of infrequent harsh case that would justify 54(b) certification. *See Peterson*, 443 N.W.2d at 300.

Our conclusion that there is lack of finality in an order granting a new trial that makes it unappealable is coherent with our view that an order granting a new trial is subject to more limited appellate review than an order denying a new trial. An order granting a new trial does not terminate a proceeding as does an order denying a new trial. *Okken v. Okken*, 325 N.W.2d 264 (N.D.1982). "[T]he denial of a new

trial brings the case to an end, whereas the granting of a new trial merely results in the trial of the case to another jury." *Id.* at 269. *See also Hoovestol v. Security State Bank*, 479 N.W.2d 854 (N.D.1992). Orders granting new trials "are rarely reversed by a reviewing court, and never except upon grounds which are strong and cogent. The reason for discriminating in favor of such orders is that they are not decisive of the case, but, on the contrary, only open the way for a reinvestigation on the entire case upon its facts and merits." *Pengilly v. J.I. Case Threshing Mach. Co.*, 11 N.D. 249, 91 N.W. 63, 67 (1902).

Federal practice also deems interlocutory and nonappealable orders granting new trials. *See* 15 Wright, Miller, Cooper, Federal Practice and Procedure: § 3915 (1976). Federal courts of appeal are granted jurisdiction to hear appeals by 28 USC § 1291 which says, in part: "[t]he courts of appeals shall have jurisdiction of appeals *from all final decisions of the district courts.*" (Emphasis added.) Orders to grant new trials are almost uniformly held to be not final decisions but rather interlocutory. *E.g., Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980); *United States v. Hitchmon*, 602 F.2d 689 (5th Cir.1979); *see also Herald v. Burlington Northern, Inc.*, 761 F.2d 1241 (8th Cir.1985). This is because an order to grant a new trial "settles no rights between the parties, but instead initiates a new proceeding to determine those rights." *United States v. Sam Goody, Inc.*, 675 F.2d 17, 20 (2nd Cir.1982).

In bringing orders granting new trials into the current of our expanding appealability jurisprudence, we remedy the "incoherence, incompleteness or inconsistency in our finality jurisprudence" posed by our ignoring until now the question of their appealability. *See Grenz v. Kelsch*, 436 N.W.2d 552, 557 (N.D.1989) (Meschke, J., concurring).[2]

We dismiss the appeal.

---

**2.** To date, we have required Rule 54(b), NDRCivP, certification for an appeal from:

order granting motion to amend, *Barth v. Schmidt*, 472 N.W.2d 473 (N.D.1991);

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and MESCHKE, JJ., concur.

H.F. Gierke, III, Justice, a member of the Court when this case was heard, resigned effective November 20, 1991, to accept appointment to the United States Court of Military Appeals and did not participate in this decision.

order in unsupervised probate proceeding resolving some, but not all, of one creditor's claims, *Matter of Estate of Starcher,* 447 N.W.2d 293 (N.D.1989);

order granting prejudgment possession of machinery and equipment, *Massey–Ferguson Credit Corp. v. Bloomquist,* 444 N.W.2d 694 (N.D.1989);

order denying motion to amend, *Peterson v. Zerr,* 443 N.W.2d 293 (N.D.1989);

order granting change of venue, *Harmon Motors v. First Nat. Bank and Trust,* 436 N.W.2d 240 (N.D.1989);

order dismissing third-party complaint when other claims remain unadjudicated, *Preszler v. Common Title Bond and Trust,* 435 N.W.2d 693 (N.D.1989);

order finding public necessity in condemnation suit prior to compensation hearing, *Wells County Water Res. Dist. v. Solberg,* 434 N.W.2d 577 (N.D.1989);

order granting provisional remedy for prejudgment possession of collateral and proceeds, *Sargent County Bank v. Wentworth,* 434 N.W.2d 562 (N.D.1989);

interlocutory judgment quieting title, *Regstad v. Steffes,* 433 N.W.2d 202 (N.D.1988);

partial summary judgment, *Williams Co. v. Hamilton,* 427 N.W.3d 822 (N.D.1988);

judgment dismissing complaint when counterclaim remains unadjudicated, *Gillmore v. Morelli,* 425 N.W.2d 369 (N.D.1988);

order dismissing counterclaim, *Gast Const. Co. v. Brighton Partnership,* 422 N.W.2d 389 (N.D.1988);

order in supervised probate proceeding entered before approval of distribution of estate and discharge of personal representative, *Matter of Estate of Sorensen,* 406 N.W.2d 365 (N.D.1987).

*See also, Vorachek v. Citizens State Bank of Lankin,* 461 N.W.2d 580 (N.D.1990) [order appointing interim court monitor for bank]; and

*Thompson v. Goetz,* 455 N.W.2d 580 (N.D. 1990) [order denying vacation of default judgment when other claims remain unadjudicated].