Filed 11/27/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 238

Lawrence A. Hamilton, Philip B. Hamilton 

and Judy Casper, Plaintiffs and Appellees

v.

Larry G. Woll, Cynthia J. Woll, Tracy J. Holiday, Robert V. 

Holiday, Philip Knolyn Hatch II, Jacki DeMay, R. Craig Woll, 

Dorothy Jean Griswold, Russell Rapp, Jeffrey R. Carius, 

Michael Carius, Mark S. Rapp, Tandals Farm Inc., James H. Bragg, 

Julie K. McKinley, J. Michael Gleason DBA Gleason Land Co., 

Strata Minerals, Inc., Frances A. Hannifin, Alan R. Hannifin, 

Desert Partners II L.P., Value Petroleum Inc., J. Kyle Jones, 

Margaret J. Hannifin, Fall River Resources, Chatfield Company, 

Walter E. Opper, Emma Smart, John M. Schattyn, 

Lloyd S. Schattyn, Noel L. Schattyn Soren, Avalon North LLC, 

Dakota West Energy LLC, Ronald Rowland, Lee LaBarre, 

Terry Aronson, Burlington Resources Oil and Gas Company LP; 

Peyton Woll, Jr., Trust dated June 8, 1993, Peyton H. Woll, 

Trustee, Dana G. Woll, Successor Trustee; John H. Woll and 

Dorothea E. Woll, Trustees of the John and Dorothea, Woll Trust 

Agreement dated 1-31-90; Helen F. Rapp, Trustee of Helen F. Rapp 

Declaration of Trust dated, 08-17-2004; Alvin C. Schopp, Trustee; 

and all other persons unknown claiming any estate or interest in 

or lien or encumbrance upon the property described in the 

complaint, Defendants

Ronald Rowland, Appellant

J. Michael Gleason, d/b/a Gleason Land Co., James H. Bragg,

and Julie K. McKinley, Appellees

No. 20120269

Appeal from the District Court of Bowman County, Southwest Judicial District, the Honorable Harlan Patrick Weir, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Sandstrom, Justice.

Michael J. Maus (argued) and Patrick D. Hope (on brief), P.O. Box 570, Dickinson, N.D. 58602-0570, for plaintiffs and appellees Lawrence A. Hamilton, Philip B. Hamilton, and Judy Casper.

Steven A. Lautt (argued) and Scott M. Knudsvig (appeared), P.O. Box 1000, Minot, N.D. 58702-1000, for defendant and appellant.

David D. Schweigert (on brief) and William B. Wischer (on brief), P.O. Box 955, Bismarck, N.D. 58502-0955, for appellees J. Michael Gleason, d/b/a Gleason Land Co., James H. Bragg, and Julie K. McKinley.

Hamilton v. Woll

No. 20120269

Sandstrom, Justice.

[¶1] Ronald Rowland appeals from a summary judgment declaring that 15 deeds executed in the 1950s covering certain Bowman County property conveyed royalty interests rather than mineral interests, and from an order denying his motion to vacate the judgment.  Because the deeds are ambiguous and reasonable differences of opinion exist as to the inferences to be drawn about the grantor’s intent from the language of the deeds and the extrinsic evidence presented, we reverse the summary judgment and remand for further proceedings.

I

[¶2] On December 19, 1952, Finlay F. Hamilton acquired an undivided one-fourth interest in 80 mineral acres located in Bowman County through a mineral deed.  Between March 7, 1953, and February 28, 1956, Finlay Hamilton executed 15 deeds to various persons covering the property.  The deeds used were preprinted “Mineral Deed” forms, but stated in the blank spaces in typewritten text that they conveyed undivided fractional “Royalty” interests.  Each deed lists Finlay Hamilton’s residence as Tulsa, Oklahoma, and the warranty clauses are struck out with typewritten “X”s.  Finlay Hamilton died intestate on June 7, 1956, in Duluth, Minnesota, and his estate was probated in Texas.

[¶3] In 2010 Lawrence A. Hamilton and the other plaintiffs, who are Finlay Hamilton’s grandchildren and successors to his mineral interests, brought this action against Rowland and the other defendants, seeking to quiet title and to have the district court declare that the 15 deeds conveyed royalty interests rather than mineral interests.  
See
 
Acoma Oil Corp. v. Wilson
, 471 N.W.2d 476, 481 (N.D. 1991) (explaining that mineral interests are broader than royalty interests).  Lawrence Hamilton and the other plaintiffs moved for summary judgment.  They presented the 15 deeds, the 1952 mineral deed through which Finlay Hamilton acquired the 80 mineral acres, and an affidavit from Lawrence Hamilton stating in relevant part that “[i]n the 1950s, Finlay F. Hamilton bought and sold minerals throughout western North Dakota.”  They also presented two additional deeds executed by Finlay Hamilton on April 24, 1956, in which he conveyed through preprinted “Mineral Deed” forms undivided fractional mineral interests to others without adding the word “Royalty” to the blank spaces.  

[¶4] In opposition to the motion, Rowland and the other defendants presented mineral deed forms that did not include the “Royalty” language they had received from Finlay Hamilton’s grantees as “evidence of the original parties’ intents.”  They also argued summary judgment was improper under this Court’s decision in 
Williams Co. v. Hamilton
, 427 N.W.2d 822, 824 (N.D. 1988), in which we concluded that similar deeds executed by Finlay Hamilton were ambiguous and “Finlay’s ‘ambiguously expressed intentions, . . . are questions of fact to be determined with the aid of extrinsic evidence.’” (quoting 
Bohn v. Johnson
, 371 N.W.2d 781, 788 (N.D. 1985)). 

[¶5] The district court granted summary judgment in favor of Lawrence Hamilton and the other plaintiffs.  The court concluded the 15 deeds were ambiguous, but the deeds conveyed royalty interests rather than mineral interests as a matter of law:

It is inexplicable why Finlay would have typed in “royalty” in the granting clause of the disputed deeds if he did not intend to grant only a royalty interest.  It is undisputed that Finlay was in the business of buying and selling oil properties.  Individuals purchasing and selling interests in this type of property know (or should know) what was being transferred.  While there is some merit in the argument that contractual ambiguities should be construed against the originator of the ambiguity, in this case the only extrinsic evidence is Finlay’s experience (and the fact that Finlay’s grantees in subsequent deeds transferred mineral acres.)  But the grantees from Finlay only got royalty interests and could not transfer what they did not receive.  The Court is also persuaded by the fact that after issuing the disputed deeds conveying a royalty interest, Finlay, within a month’s time, using the same deed form, conveyed out 10 mineral acres without inserting the word “royalty” in the granting clause.  It is difficult for the Court to find that an experienced oil broker would have mistakenly, 15 times in a row, conveyed royalty interests and then have discovered he was transferring interests he didn’t intend to transfer.  Finlay began transferring interests he designated “royalty” in March of 1953 and continued to February 1956, a period of almost three years.
  If, shortly after he received his mineral acres, he had used royalty language in one or two deeds and then reverted to using mineral acres, the question, factually, of what he intended, may be a closer question.

 

[¶6] Rowland moved to vacate the judgment under N.D.R.Civ.P. 60(b)(6).  He pointed out for the first time that Finlay Hamilton was from Oklahoma and during the time the 15 deeds were executed it was “a matter of common knowledge” that “the word [royalty] [wa]s frequently used in [Oklahoma] to denote an interest in the mineral rights.”  
Melton v. Sneed
, 109 P.2d 509, 513 (Okla. 1940).  He also presented for the first time an affidavit and other evidence in support of his affirmative defense of laches.  The district court denied the motion, stating it “will not now consider additional extrinsic evidence” and concluding Rowland “has not raised any issues which would entitle him to the relief sought.”

[¶7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  Rowland’s appeal is timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28-27-01.

II

[¶8] Rowland argues the district court erred in granting summary judgment because there exist disputed issues of material fact about Finlay Hamilton’s intentions when he executed the 15 deeds.

[¶9] The standard for reviewing summary judgments is well established:

Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law.  A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record.  On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law.  Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

 

Wenco v. EOG Resources, Inc.
, 2012 ND 219, ¶ 8 (quoting 
Arndt v. Maki
, 2012 ND 55, ¶ 10, 813 N.W.2d 564).  Even if the facts are undisputed, summary judgment may not be granted if reasonable differences of opinion exist as to the inferences to be drawn from those facts.  
Saltsman v. Sharp
, 2011 ND 172, ¶ 5, 803 N.W.2d 553; 
Heng v. Rotech Med. Corp.
, 2004 ND 204, ¶ 10, 688 N.W.2d 389.  However, issues of fact become issues of law if reasonable persons could reach only one conclusion from the facts.  
Saltsman
, at ¶ 5; 
Heng
, at ¶ 10.

[¶10] This is not the first time deeds executed by Finlay Hamilton involving Bowman County property have been the subject of controversy in this Court.  In 
Williams Co.
, 427 N.W.2d at 822, Finlay Hamilton executed a series of 27 deeds that are similar to the deeds at issue in this case.  The plaintiff and the defendant heirs submitted a written stipulation of facts to the district court.  
Id.
 at 823.  On the basis of the stipulation, the court granted summary judgment quieting title to the disputed mineral acres in the defendant heirs, concluding as a matter of law that the 27 deeds executed by Finlay Hamilton conveyed only royalty interests and not mineral interests.  
Id.
  Although the appeal was dismissed for lack of a N.D.R.Civ.P. 54(b) certification, this Court observed:

It is apparent that there are genuine issues of material fact precluding summary judgment pursuant to Rule 56, N.D.R.Civ.P. Deeds are construed in the same manner as contracts in order to ascertain the grantor’s intent: 

 

“The primary purpose in construing a deed is to ascertain and effectuate the intent of the grantor.  
Malloy v. Boettcher
, 334 N.W.2d 8, 9 (N.D.1983).  Section 47-

09-11, N.D.C.C., provides that grants of real property ‘shall be interpreted in like manner with contracts in general except so far as otherwise provided’ in that chapter. 

“We therefore look to the rules for interpreting contracts provided by Chapter 9-07, N.D.C.C., to aid us in construing a deed.”  
Mueller v. Stangeland
, 340 N.W.2d 450, 452 (N.D.1983).

 

Each of the 27 deeds was a printed form document entitled “MINERAL DEED.”  Each deed provided for the conveyance of “an undivided . . . . . . . . interest in and to all of the oil, gas and other minerals in and under and that may be produced from” the described lands. In each deed, the word “Royalty” was typed in the blank space preceding the word “interest” in the above provision.  Insertion of the word “Royalty” in a printed deed form suited to the conveyance of a mineral interest creates an ambiguity because “rational contrary arguments can be made as to the meaning of the language in question.”  
Johnson v. Mineral Estate, Inc.
, 343 N.W.2d 778, 780 (N.D. 1984).  Finlay’s “ambiguously expressed intentions, . . . are questions of fact to be determined with the aid of extrinsic evidence.”  
Bohn v. Johnson
, 371 N.W.2d 781, 788 (N.D.1985).

 

Williams Co.
, at 823-24.

[¶11] The district court in this case likewise determined as a matter of law that the 15 deeds were ambiguous.  Unlike the situation in 
Williams Co.
, the parties here presented some extrinsic evidence in an effort to ascertain Finlay Hamilton’s intentions.  The court succinctly outlined the arguments of the parties on the summary judgment motion:

The arguments raised in support of an interpretation the deeds are mineral acre conveyances include:

1. Deed form captioned (Mineral Deed).

2. Language allowing right of ingress and egress.

3. Subsequent conveyances by the grantees of Finlay Hamilton were prepared on unambiguous full mineral deed forms and not royalty deed forms.  The subsequent conveyances evidence the original parties’ intent.

4. It is unusual and impractical to convey royalty by describing it as a fractional interest.

5. Finlay’s intent, as grantor, must have been to convey a full mineral interest which included the equivalent royalty.

6. The general proposition that a contract is to be construed most strongly against the party who proposed it.

7. If Finlay Hamilton knew what he was doing, the disputed conveyances indicate the transfer of a fractional royalty, rather than a fraction of royalty as Hamilton claims. Taken in conjunction with the fact that Finlay described the transfer in terms of a fraction rather than as a percentage; the caption “mineral deed”; and all the other terms and conditions of a mineral deed which Finlay did not strike out leads to the conclusion that the questioned deeds should be construed as conveying a full mineral interest to the extent of the fraction listed in each document.

The arguments raised in support of the deed conveying only a royalty interest may be summarized as follows:

1. The fact that Finlay inserted in deeds (Exhibits 2-16) the word “royalty” compels a finding that the deeds conveyed royalty only.

2. The typed in word “royalty” cannot be ignored and supersede[s] the preprinted language.

3. There is no way to construe the word “royalty” to convey a mineral acre.

4. The last two deeds by Finlay did not mention “royalty” but were conveyances of fractional mineral acres (Exhibits 17, 18).

5. Finlay was in the business of buying and selling oil interests.  He had to know the difference between conveying mineral acres and royalty interests.

6. Finlay, as independent investor of oil, gas, and other minerals acquired 80 mineral acres by a mineral deed 19 December, 1952 (Ex. 1) Beginning in March, 1953, using the same type mineral deed by which he acquired his mineral acres, he executed 15 deeds wherein he conveyed royalty interests to various parties, the last of which was dated 28 February, 1956.  Subsequently, on 24 April, 1956, he conveyed 10 mineral acres (Exhibit 17 and Exhibit 3 [sic]), omitting the word “royalty” in the granting clause.  Since he was using a pre-printed mineral deed form in all these transactions, he had to have known the difference between what he received and what he transferred.

 

[¶12] This case is not amenable to summary judgment disposition.  Reasonable differences of opinion exist about the inferences to be drawn about Finlay Hamilton’s intentions from the evidence presented on the motion for summary judgment.  The district court determined that Finlay Hamilton was “in the business of buying and selling oil properties” and was an “experienced oil broker.”  This determination is apparently based on Lawrence Hamilton’s affidavit stating Finlay Hamilton “bought and sold minerals throughout western North Dakota,” and perhaps the sheer number of deeds involved in this case and in 
Williams Co.
, 427 N.W.2d 822.  But Finlay Hamilton’s use of the term “Royalty” interest in the preprinted mineral deed forms may be viewed as inconsistent with the status of an “experienced oil broker.”  Also puzzling is Finlay Hamilton’s deletion of the warranty clauses from the deeds while leaving intact language indicative of a full mineral interest conveyance.  The evidence certainly permits an inference that Finlay Hamilton was an “experienced oil broker,” but it also permits a reasonable inference either that he was not a particularly savvy “oil broker” or that he was a somewhat careless one.  The court used this disputed fact as the premise for its finding that Finlay Hamilton would not mistakenly convey royalty interests 15 times in a row and then, two months later, begin conveying mineral interests.

[¶13] “A motion for summary judgment is not an opportunity to conduct a mini-

trial.”  
Farmers Union Oil Co. v. Smetana
, 2009 ND 74, ¶ 11, 764 N.W.2d 665.  “This Court has repeatedly held that summary judgment is inappropriate if the court must draw inferences and make findings on disputed facts to support the judgment.”  
Id.
 at ¶ 10, and cases cited therein.  This is what the district court did in this case.  The evidence before the court permits reasonable inferences that support the positions of both sides in this controversy.

[¶14] Reasonable differences of opinion exist as to the inferences to be drawn from the language in the deeds and about Finlay Hamilton’s intent from the extrinsic evidence presented.  We therefore conclude the district court erred in granting summary judgment.

III

[¶15] Because we reverse the summary judgment, it is unnecessary to address Rowland’s argument that the district court erred in denying his motion to vacate the judgment.  We reverse the summary judgment and remand for further proceedings.

[¶16] Dale V. Sandstrom

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

Crothers, Justice, concurring specially.

[¶17] I agree with the majority opinion.  I write separately because remand of this case may leave litigants and the district court wondering what evidence can be produced at trial that was not already before the court on summary judgment.  The answer to that question may well be that no additional evidence is available or necessary.

[¶18] This case is not reversed and remanded due to a lack of evidence supporting the district court’s decision.  Rather, remand is required under our summary judgment standards.  Majority opinion at ¶¶ 12-13.  Those standards preclude summary judgment when material issues of fact exist—even if arising from written documents.  
See
 Majority opinion at ¶ 9.

[¶19] Under our rules, “[f]indings of fact, including findings in juvenile matters, whether based on oral 
or other evidence
, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court’s opportunity to judge the witnesses’ credibility.”  N.D.R.Civ.P. 52(a)(6) (emphasis added).  Here, it appears persons with competent, admissible evidence are unavailable.  The district court thus received documents necessitating interpretation of Finlay Hamilton’s intent.  The district court made findings from that written record, which are inappropriate in a summary judgment proceeding.  Majority opinion at ¶¶ 12-13; 
Albers v. NoDak Racing Club, Inc.
, 256 N.W.2d 355, 359 (N.D. 1977) (“If the court deemed it necessary to make findings of fact as distinguished from a mere recital of facts, then the issuance of a summary judgment by the trial court was improper.”); 
Brown v. N.D. State Univ.
, 372 N.W.2d 879, 883 (N.D. 1985) (“When the trial court deems it necessary to make inferences from surrounding circumstances, resolve ambiguities in a written contract, and to make findings of fact, the entry of a summary judgment is generally inappropriate.”).

[¶20] Although summary judgment is not appropriate under these circumstances, this case can be submitted to the district court for “trial” on the same record.  Simply put, it is the procedure and not the substance that was lacking in this proceeding.  That deficit easily can be remedied on remand by providing a stipulation of facts and exhibits, together with any argument permitted by the district court, for trial based on the record submitted.

[¶21] Finally, I am mindful that my writing may make it appear our reversal and remand is a mere exercise of formality.  However, the majority opinion and this separate are written with the goal of preserving our body of summary judgment law while providing a procedural path for this and future cases involving only documents or a stipulated record yet requiring resolution of conflicting meanings or disputed inferences.

[¶22] Daniel J. Crothers