# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 130

Nodak Mutual Insurance Company,                              Plaintiff and Appellee

v.

Kelly Steffes, Keith Steffes, and
Tasha Rohrbach n/k/a Steffes,                              Defendants and Appellants

No. 20180359

Appeal from the District Court of LaMoure County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

DISMISSED.

Opinion of the Court by Crothers, Justice.

Sean F. Marrin, Grand Forks, ND, for plaintiff and appellee.

Lawrence P. Kropp, Jamestown, ND, for Kelly Steffes and Tasha Rohrbach, n/k/a Steffes, defendants and appellants.

Fallon M. Kelly, Lisbon, ND, for Keith Steffes, defendant and appellant.

## Nodak Mutual Insurance Company v. Steffes
### No. 20180359

**Crothers, Justice.**

[¶1]    Keith Steffes, Kelly Steffes and Tasha (Rohrbach) Steffes appeal from a district court order granting Nodak Mutual Insurance Company's motion for a new trial. The Steffeses argue the district court abused its discretion in vacating the judgment and granting Nodak's motion for a new trial. We dismiss the appeal because the order granting a new trial is not currently reviewable.

I

[¶2]    In April 2012 a vehicle owned by Keith Steffes and insured by Nodak was involved in a single vehicle rollover. Keith Steffes claimed he was driving but not injured in the accident. Kelly Steffes and Tasha Steffes suffered serious injuries. The Steffeses did not notify authorities of the accident. Instead, Kelly Steffes and Tasha Steffes were taken to the hospital by a third party while Keith Steffes removed the vehicle from the accident scene using a tractor. Authorities later located the vehicle on Keith Steffes' father's farm. Keith Steffes' initial statements to police misreported the location of the accident and misreported the reason he did not immediately contact authorities.

[¶3]    Nodak initiated an investigation as part of its claims process, gathering sworn statements from the Steffeses and performing DNA testing inside the vehicle. Based on inconsistent statements and the DNA test results, Nodak alleged Keith Steffes was not the vehicle driver, and sought declaratory relief and a determination of coverage based on material misrepresentations. The jury returned a special verdict in favor of the Steffeses, finding Nodak did not prove its case by the greater weight of evidence. Nodak successfully moved for a new trial under N.D.R.Civ.P. 59(b)(6), claiming insufficient evidence justified the verdict. The Steffeses appealed.

1

[¶4]    Neither party raised the issue of appealability. This Court considers the matter sua sponte. *Ceartin v. Ochs*, 479 N.W.2d 863, 864 (1992). A two-prong inquiry is used when analyzing this Court's jurisdiction to consider appeals from orders in cases with unadjudicated claims. *Id*. First, the order must satisfy one of the bases for appeal in N.D.C.C. § 28-27-02. Second, the case must comply with N.D.R.Civ.P. 54(b).

[¶5]    Whether an order satisfies the first prong is governed by North Dakota Century Code. "An order which grants or refuses a new trial or which sustains a demurrer" is appealable under N.D.C.C. § 28-27-02. Here, the appeal is from the district court order granting Nodak's motion for a new trial. The first prong is satisfied, and the appeal must be reviewed for compliance with N.D.R.Civ.P. 54(b) because an order granting a new trial does not terminate the action. Standing alone, and without Rule 54(b) certification, the order for a new trial is not a final order for purposes of appeal. *Ceartin v. Ochs*, 479 N.W.2d 863, 865 (N.D. 1992).

[¶6]    Rule 54(b) provides:

> "If an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

[¶7]    Rule 54(b) authorizes the district court to direct the entry of a final judgment for the purposes of appeal if no just reason for delay exists and the court expressly directs entry of judgment. *Ceartin v. Ochs*, 479 N.W.2d 863, 865 (N.D. 1992). Absent certification under Rule 54(b), "A party seeking to appeal must wait until the end of the case, when all claims have been resolved and final judgment has been entered, before filing an appeal." N.D.R.Civ.P. 54(b), explanatory note. Certification

under Rule 54(b) is reserved for the "infrequent harsh case" where failure to allow immediate appeal creates a demonstrated prejudice or hardship. *Greer v. Global Industries, Inc.*, 2018 N.D. 206, ¶ 12, 917 N.W.2d 1. Rule 54(b) certifications should not be entered routinely as a courtesy or accommodation to counsel. *Peterson v. Zerr*, 443 N.W.2d 293, 297 (N.D. 1989). "More is required to justify a Rule 54(b) certification than a mere recitation of generic circumstances applicable to every attempted appeal from an otherwise interlocutory judgment." *Club Broadway, Inc. v. Broadway Park*, 443 N.W.2d 919, 921 (N.D. 1989). Rule 54(b) certification requires a showing of out-of-the-ordinary circumstances or a cognizable, unusual hardship to the litigants if the appeal is deferred. *Peterson,* at 299.

[¶8]     Here, no Rule 54(b) order was sought. Nor does the record suggest the Steffeses have shown a cognizable or unusual hardship supporting the granting of a Rule 54(b) order. Rather, the motion for a new trial was granted and the case will be tried again. Orders granting new trials are rarely reversed because they do not dispose of the case and merely open the way for reinvestigation of the entire case upon its facts and merits. *Ceartin v. Ochs*, 479 N.W.2d 863, 865 (N.D. 1992). Orders granting new trials are interlocutory because they are not final decisions. *E.g., Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 101 S.Ct. 188 (1980); *United States v. Hitchmon*, 602 F.2d 689 (5th Cir. 1979); *Herold v. Burlington Northern, Inc.*, 761 F.2d 1241 (8th Cir. 1985); *Ceartin v. Ochs*, 479 N.W.2d 863 (N.D. 1992).

### III

[¶9]     The order granting a new trial is not final or reviewable without certification under Rule 54(b), N.D.R.Civ.P., and the record does not suggest this is the "infrequent harsh case" warranting certification. The appeal is dismissed.

[¶10]   Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte
Gerald W. VandeWalle, C.J.