Ted ROLL and Frances Roll,
Plaintiffs and Appellees,

v.

Ralph J. KELLER, Defendant
and Appellant.

Civ. No. 10375.

Supreme Court of North Dakota.

July 21, 1983.

Zuger & Bucklin, Bismarck, for plaintiffs and appellees; argued by Murray G. Sagsveen, Bismarck.

Vogel Law Firm, Mandan, for defendant and appellant; argued by Joseph A. Vogel, Jr., Mandan.

SAND, Justice.

Ralph J. Keller (Keller) appealed from a partial summary judgment against him.

Ted Roll and Keller owned property as a partnership for Sun Valley Mobile Home Court which was subdivided and platted as Valley Court Addition and Valley Park Addition. A sewer system was installed in the Valley Court Addition for a mobile home court. A stub of the sewer system extended into Valley Park Addition for future development.

A partnership disagreement developed and litigation was initiated to dissolve the partnership which resulted in a stipulated settlement agreement which transferred Valley Park Addition to Roll and Valley Court Addition to Keller. Thereafter Keller cut the sewer line and plugged the stub running to Valley Park.

Roll then brought an action against Keller alleging that Keller intentionally interfered with the sewer service easement in a deliberate attempt to diminish the value of Valley Park Addition, and seeking general and punitive damages for severing and plugging the sewer stub line. Keller moved to dismiss Roll's complaint for failure to state a claim or in the alternative for summary judgment in his favor. Roll moved for a partial summary judgment on the issue of liability. The court, after hearing the motions, concluded that the transfer of the property from the partnership to each

individual created an implied easement for the use of the sewer and granted partial summary judgment in favor of Roll on the issue of liability. The trial court issued an appropriate Rule 54(b), NDRCivP order, and Keller appealed.

Keller, on appeal, raised two issues. First, he contended that the stipulated settlement agreement absolved him from liability for severing and plugging the sewer system. Second, he argued that an implied easement for the benefit of Valley Park Addition to use the sewer system in Valley Court Addition was not automatically created in favor of Valley Park Addition when it was severed from Valley Court Addition.

Prior to discussing these issues, we recognize that the instant appeal is from a partial summary judgment, and, consequently, we must consider those issues within the framework of our laws on summary judgment.

■ Summary judgment is a procedural device designed to dispose of a legal conflict on the merits without a trial if there is no dispute as to material facts or where only a question of law is involved. NDRCivP 56; *e.g., Sheets v. Letnes, Marshall & Fiedler, Ltd.,* 311 N.W.2d 175 (N.D.1981).

■ The party moving for summary judgment must demonstrate there is no genuine issue of material fact. *Winkjer v. Herr,* 277 N.W.2d 579 (N.D.1979). Summary judgment is inappropriate if inferences reasonably deducible from undisputed facts are conflicting. *Herman v. Magnuson,* 277 N.W.2d 445 (N.D.1979).

Regarding the first issue, Keller claimed that the stipulation and settlement entered into between the parties released and discharged him from any claim or obligation, demand or action of any kind whatsoever. The agreement, dated 6 November 1981, provides, in part, as follows:

"8. *Resolution of Claims*

"a.) This agreement resolves all claims between Ralph J. Keller, Lorraine A. Keller, Ted Roll and Frances Roll concerning Sun Valley Mobile Home Court, Twin City Mobile Home Sales and Service, and the cattle partnership between Ralph J. Keller and Ted Roll, and the parties forever release and discharge each other from all claims, demands, actions, whatever kind and nature arising out of the operation of Sun Valley Mobile Home Court, Twin City Mobile Home Sales, Inc., and the cattle partnership."

Significantly, the severing, removal of the stub, and plugging took place after the stipulated settlement agreement was entered into on 6 November 1981.

■ A stipulation is contractual in nature and its interpretation is a question of law for the court to decide. *Dvorak v. Dvorak,* 329 N.W.2d 868 (N.D.1983).

■ The stipulated settlement agreement clearly indicates that it covered matters which arose or emanated out of previous transactions or failure to comply with previous agreements, and we do not believe it can be construed to cover any claim or action in the future. A stipulation not to be held responsible for any acts or torts in the future is against public policy and cannot withstand a legal test. *See,* NDCC § 9–08–02. We conclude that the stipulated settlement agreement cannot be construed to apply to Keller's actions in removing the stub and plugging the sewer line.

Regarding the implied easement, Keller contended that an implied easement was not automatically created in favor of the Rolls when the stipulated settlement agreement was entered dividing the property. Keller contended that a quasi easement did not exist at the time the two additions were jointly owned because the diversion of sewage was dependent upon how Valley Park Addition would be developed and, as a result, no basis for an implied easement existed.

■ The essential elements of an easement by implication are unity of title of the dominant and servient tenement and a subsequent severance; apparent, permanent, and continuous use; and the easement must be important or necessary for the enjoyment of the dominant tenement. 3 Powell on Real Property, § 411 (1981); 25 Am. Jur.2d, *Easements and Licenses,* § 29–33 (1966).

■ It is undisputed that the Valley Park Addition and the Valley Court Addition

were initially under one ownership, the partnership of Roll and Keller. When the sewer system was installed in Valley Court Addition, the area was one tract of land and the Valley Park Addition had not yet been developed. However, a stub of the sewer system extended into the area of Valley Park Addition for future development. The materials presented on the motion for summary judgment do not reflect that any portion of the entire tract (Valley Park and Valley Court) was not to have a sewer line or a connection to a sewer line. The installation of the sewer lines and the sewer line stub leading into the Valley Park Addition clearly indicated that the entire tract was to be serviced with a sewer line. Although the sewer line had not yet been used by Valley Park Addition, we do not believe there can be any doubt that the sewer line placed on the Valley Court Addition was to be used to provide a sewer connection and service for the Valley Park Addition. In this respect, see 3 H. Tiffany, The Law of Real Property, § 782 (1939) wherein the author stated:

> "The doctrine of an implied grant of an easement corresponding to a preexisting quasi easement has been applied in various connections, of which the following may be mentioned. It has been held that where the owner of two pieces of land maintains on one of them a drain for the benefit of the other, a person to whom he conveys the latter is entitled to an easement of maintaining the drain as it was before maintained, and the same is true of sewers."

The above-quoted material is applicable to the instant situation.

We conclude that when the land was subdivided and conveyed to the respective partners an implied easement came into being in favor of Valley Park Addition over the land known as Valley Court Addition for purposes of extending and using the existing sewer line.

Nevertheless, Keller contended that the intent of the parties as to the creation of an implied easement presented a disputed issue of fact which must be resolved by the trier of fact, and therefore precluded summary judgment. Keller argued that if he had been aware that the Park Court Addition would be subject to an implied easement, he would never have agreed to the division of the property.

In considering this contention we must consider the written instruments conveying the property. Pursuant to NDCC § 47–09–11, a deed for the transfer of real property is to be interpreted the same as a contract. Accordingly, we must apply the rule of law that the language of a deed, if clear and explicit, will govern the interpretation of the deed and that the parties' intent is to be ascertained from the writing alone, if possible. NDCC §§ 9–07–02, 9–07–04.

We specifically note that in subdividing the tract of land into Valley Park Addition and Valley Court Addition and conveying it to the respective partners, no reservations or exceptions regarding the sewer line and stub were made. In *Royse v. Easter Seal Society for Crippled Children*, 256 N.W.2d 542, 545 (N.D.1977), we stated that any exception or exclusion in a deed should be clearly stated in the granting clause or in an equally conspicuous place and be so explicit as to leave no room for doubt and thus discourage fraud and deception.

We believe that if the parties intended to except or exclude the implied easement from the grant, that exception or exclusion should have been clearly stated so as to leave no room for doubt. In the absence of such exception or exclusion we conclude that the intent was ascertainable from the writing alone and reflects that the implied easement was conveyed to the Rolls with the Valley Park Addition.

Accordingly, we do not believe there is any genuine issue of fact as to the parties' intent, and the summary judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.