Irene MUELLER, f/k/a Irene Kellar, Eldon Kellar, Lois A. Luke, f/k/a Lois A. Kellar, and Beverly I. Solberg, f/k/a Beverly I. Kellar, Plaintiffs and Appellants,

v.

Arnold K. STANGELAND, Thomas M. Stangeland, Mary Cecila Stangeland, Defendants and Appellees,

Consolidated Coal Company, Texas Gas and Exploration Corp., Federal Land Bank of Saint Paul, and all persons unknown claiming any estate or interest in or lien or encumbrance on the property described in the Complaint, Defendants.

Civ. No. 10493.

Supreme Court of North Dakota.

Nov. 22, 1983.

* PAULSON, J., sitting as a Surrogate Justice for this case pursuant to § 27–17–03, NDCC.

William S. Murray, Bismarck, for plaintiffs and appellants; argued by William S. Murray, Bismarck.

Rolfstad, Winkjer, McKennett, Kaiser, Stenehjem & Walters, Williston, for appellees; argued by Dean Winkjer, Williston.

ERICKSTAD, Chief Justice.

The issue in this appeal from a judgment in a quiet title action is whether or not a deed excepted or reserved a mineral interest in the grantor. The trial court concluded that the deed provision in question was an exception to the warranty and not a reservation of minerals. Judgment was entered in favor of the Stangelands. We affirm.

By warranty deed, Michael S. Kellar did "GRANT, BARGAIN, SELL AND CONVEY" unto Arnold K. Stangeland and Thomas M. Stangeland certain real property in 1944. The granting clause contained no language excepting or reserving any minerals. The description of the property conveyed was immediately succeeded by the following language:

"TO HAVE AND TO HOLD THE SAME, Together with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining to the said parties of the second part, their heirs and assigns, FOREVER. And the said Michael S. Keller, a widower, party of the first part, for himself, his heirs, executors and administrators, does covenant with the parties of the second part, their heirs and assigns, that he is well seized in fee of land, real estate and premises aforesaid, and has good right to sell and convey the same in manner and form aforesaid; that the same are free from all incumbrances, except a mortgage to the Federal Land Bank, the payment of which the parties of the second part assume.

The Vendor rserves [sic] for the State of North Dakota five percentum (5%) of all oil, natural gas and minerals which may be found on or underlying the North half of the Northwest quarter (N½NW¼) of section Twelve (12)

above described. <u>The Vendor excepts from this Contract all minerals, including oil and gas, and all mineral rights not now owned by the Vendor as disclosed by the records in the office of the Register of Deeds of said County.</u> and the above bargained and granted land and premises in the quiet and peaceable possession of said parties of the second part, their heirs and assigns against all persons lawfully claiming or to claim the whole or any part thereof, the said party of the first part will warrant and defend."

The underscored language, and the sentence immediately preceding it, was typed in a blank space on the printed deed form. The heirs of Michael Kellar contend that the underscored language excepted or reserved unto Michael Kellar all of the minerals other than 5% reserved to the State of North Dakota in a portion of the land conveyed.

■ The primary purpose in construing a deed is to ascertain and effectuate the intent of the grantor. *Malloy v. Boettcher*, 334 N.W.2d 8, 9 (N.D.1983). Section 47–09–11, N.D.C.C., provides that grants of real property "shall be interpreted in like manner with contracts in general except so far as otherwise provided" in that chapter.

We therefore look to the rules for interpreting contracts provided by Chapter 9–07, N.D.C.C., to aid us in construing a deed. Summarized, Chapter 9–07, N.D.C.C., provides, among other things, that: (1) the language of a contract governs if it is clear and explicit and does not involve an absurdity (§ 9–07–02); (2) a contract must be interpreted to give effect to the mutual intention of the parties (§ 9–07–03); (3) the intention of the parties to a written contract is to be ascertained from the writing alone if possible (§ 9–07–04); (4) a contract is to be interpreted as a whole to give effect to every part (§ 9–07–06); (5) a contract may be explained by reference to the circumstances under which it was made (§ 9–07–12); and (6) in cases of uncertainty not otherwise removed, the language is to be interpreted most strongly against the party who caused the uncertainty to exist (§ 9–07–19).

■ While it is often difficult to distinguish between exceptions and reservations, both cause "something to be deducted from the thing granted, narrowing and limiting what would otherwise pass by the general words of the grant ... and ... the technical meaning will give way to the obvious intent, even though the technical term to the contrary was used." (Citations omitted). *Christman v. Emineth*, 212 N.W.2d 543, 552 (N.D.1973). Thus, an obvious intent to deduct something from the thing granted will be given effect, whichever word is used.

As noted in 1 H. Williams and C. Meyers, Oil and Gas Law § 310.1, p. 578.11 (1981 Ed.), a construction problem in determining if an exception is intended to withhold minerals from the grant or to exclude minerals from the warranty "often arises where the first, last, and only mention of a mineral reservation or exception appears at the end of the deed, just following the warranty clause."

■ In the instant case, the language at issue appears not "just following the warranty clause" but within the warranty clause. Treating the phrase "including oil and gas," as a partial description of what is intended to be included within the term "minerals"[1], we believe that placement of

---

1. Sometime subsequent to the date of the deed in the instant case and until amended in 1983, § 47–10–24, N.D.C.C., and § 47–10–25, N.D.C.C., required that conveyances, reservations, and exceptions specifically name minerals to be conveyed separate from the surface or to be reserved or excepted from a grant of the surface. We note that the Forty-Eighth Session of the Legislative Assembly, however, amended those sections of the North Dakota Century Code to provide an opposite result, except for gravel, clay, and scoria. Now, other than gravel, clay and scoria, all minerals will pass to the grantee, or be retained by the grantor through a reservation or exception, except those minerals specifically excluded by name.

S.L.1983, ch. 503, § 1 amended § 47–10–24, N.D.C.C., to read as follows:

"*47–10–24. Description and definition of minerals in leases and conveyances.* All con-

the exception within the warranty clause and use of the words "excepts . . . all minerals . . . and all mineral rights *not now owned by the Vendor*" (emphasis added) is indicative of an intention to except from the warranty all minerals and mineral rights not owned, rather than an intention to except minerals owned from the grant and mineral rights not owned from the warranty.

Other considerations also impel us to conclude that the language used did not effectively except or reserve unto Michael Kellar any minerals.

*Royse v. Easter Seal Society for Crippled Children and Adults, Inc.,* 256 N.W.2d 542 (N.D.1977), is particularly instructive. There we said that "the language, if clear and explicit, will govern the interpretation of the deeds and that the parties' intentions are to be ascertained from the writing alone, if possible." *Id.* at 544. We also said that generally, "reservations must be clearly expressed in the deed." *Id.* at 545. We went on to state, at page 545, that:

"In addition to the certainty requirement, an exception, although it may appear in any part of the deed, *must* be an exception to the grant, not to some other provision in the deed. Thus, words inserted in a covenant against encumbrances for the purpose of modifying the

grantor's liability thereon will not constitute an exception. . . .

"We believe exceptions or exclusions of property should be set forth in the granting clause with the same prominence as the property granted, or, if placed elsewhere, should be so explicit as to leave no room for doubt. . . ." [Citations omitted.]

■ We do not believe that the language used is "clear and explicit," or a reservation "clearly expressed," or "so explicit as to leave no room for doubt." Nor is it clear that the exception is an exception to the grant and not to the warranty.

The language used is susceptible of at least three possible meanings. One is that it was intended to except from the warranty only all minerals and mineral rights not owned by Kellar. Another is that it was intended to except from the grant all minerals and from the warranty all mineral rights not owned by Kellar. A third is that it was intended to except from the grant all minerals and mineral rights not owned by Kellar.

■ Because rational arguments can be made in support of several contrary positions as to the meaning of the language in question, the language is ambiguous. *See West v. Alpar Resources, Inc.,* 298 N.W.2d

veyances of mineral rights or royalties in real property in this state, excluding leases, shall be construed to grant or convey to the grantee thereof all minerals of any nature whatsoever except those minerals specifically excluded by name in the deed, grant, or conveyance, and their compounds and by products, but shall not be construed to grant or convey to the grantee any interest in any gravel, clay, or scoria unless specifically included by name in the deed, grant, or conveyance.

"No lease of mineral rights in this state shall be construed as passing any interest to any minerals except those minerals specifically included and set forth by name in the lease. For the purposes of this paragraph the naming of either a specific metalliferous element, or nonmetalliferous element, and if so stated in lease, shall be deemed to include all of its compounds and by-products, and in the case of oil and gas, all associated hydrocarbons produced in a liquid or gaseous form so named shall be deemed to be included in

the mineral named. The use of the words 'all other minerals' or similar words of an all-inclusive nature in any lease shall not be construed as leasing any minerals except those minerals specifically named in the lease and their compounds and byproducts."

S.L.1983, ch. 504, § 1 amended § 47–10–25, N.D.C.C., to read as follows:

"47–10–25. *Meaning of minerals in deed, grant, or conveyance of title in real property.* In all deeds, grants, or conveyances of the title to the surface of real property executed on or after July 1, 1983, in which all or any portion of the minerals are reserved or excepted and thereby effectively precluded from being transferred with the surface, all minerals, of any nature whatsoever, shall be construed to be reserved or excepted except those minerals specifically excluded by name in the deed, grant, or conveyance and their compounds and byproducts. Gravel, clay, and scoria shall be transferred with the surface estate unless specifically reserved by name in the deed, grant, or conveyance."

484 (N.D.1980). We may then look to the circumstances under which it was made to explain the provision. § 9–07–12, N.D.C.C.

■ The trial court found that, generally, minerals were not reserved in land conveyances prior to the 1951 discovery of oil in North Dakota. There was testimony that the parties' only discussion about minerals related to the 5% reserved by the State of North Dakota in a portion of the land conveyed. There is sufficient evidence in the record to lead one to conclude that Michael Kellar did not intend to except or reserve any minerals other than the 5% reserved to the State in a portion of the land conveyed.

■ Finally, pursuant to § 9–07–19, N.D.C.C., the uncertainty in the instant deed "should be interpreted most strongly against the party who caused the uncertainty to exist." It is undisputed that Michael Kellar's attorney drafted the deed. We will therefore interpret the deed most strongly against Kellar and hold that the deed did not except or reserve unto Kellar any minerals or mineral rights.

Because of our disposition of this appeal, we need not address the argument that the deed and a prior agreement between Michael Kellar and Arnold Stangeland relating to the sale of the subject land with no mention of minerals should be treated as one transaction.

For the reasons stated, the judgment is affirmed.

SAND, GIERKE, PEDERSON and VANDE WALLE, JJ., concur.