2015 ND 200

Eric Arthur JOHNSON, a/k/a Eric A. Johnson, Eric A. Johnson as Trustee of the Jerol Johnson Trust created under the Betty J. Johnson Revocable ·Living Trust Agreement dated June 21, 2010, Jerol Johnson, and the Art Johnson and Annabel Johnson Family LLP, a limited liability partnership organized under the laws of the State of North Dakota, Plaintiffs and Appellants

v.

Suzanne M. SHIELD, Sandra Guthrie King, Lynda Lynn Guthrie, William Arlo Guthrie, Roy Goldenberg, F. Peter Bergman, Pamela Jane Crawford, John W. Bergman, Bradley C. Bergman, William Eric Bergman, and Williams County, a municipal corporation organized under the laws of the State of North Dakota, and all other persons unknown claiming any estate or interest in or lien or encumbrance upon the real property described in the Complaint, whether as heirs, legatees, devisees, personal representatives, creditors or otherwise, Defendants.

Suzanne M. Shield, Sandra Guthrie King, Lynda Lynn Guthrie, William Arlo Guthrie, F. Peter Bergman, Pamela Jane Crawford, John W. Bergman, Bradley C. Bergman, William Eric Bergman, Appellees.

No. 20150053.

Supreme Court of North Dakota.

Aug. 13, 2015.

Andrew D. Cook, West Fargo, N.D., for plaintiffs and appellants.

David A. Tschider, Bismarck, N.D., for defendants and appellees Suzanne M. Shield, Sandra Guthrie King, Lynda Lynn Guthrie, and William Arlo Guthrie.

William E. Bergman (on brief), Minot, N.D., for defendants and appellees F. Peter Bergman, Pamela Jane Crawford, John W. Bergman, Bradley C. Bergman, and William Eric Bergman.

SANDSTROM, Justice.

[¶ 1] Eric A. Johnson and others appeal from a summary judgment· quieting title to certain Williams County mineral interests in Suzanne M. Shield and others. Because the disputed language in the challenged warranty deed presents no genuine issue of material fact that the grantors intended to reserve to themselves 50 per-

cent of the mineral interests in the conveyed property, we affirm the judgment.

## I

[¶ 2] Shield and the other defendants (collectively "Shield") are successors in interest to Eugenie and Roy Goldenberg, who on December 8, 1942, granted through a warranty deed a certain tract of Williams County property to Julian and Arthur Johnson. Johnson and the other plaintiffs (collectively "Johnson") are the successors in interest to Julian and Arthur Johnson. At the time of the conveyance, Eugenie and Roy Goldenberg were the owners of all of the minerals associated with the property. The granting clause in the warranty deed did not address mineral interests, but the warranty clause of the deed stated that the Goldenbergs

> "covenant . . . that they are well seized in fee of land, real estate and premises aforesaid, and have good right to sell and convey the same in manner and form aforesaid; that the same are free from all incumbrances, but reserving, however, to the grantor fifty per cent (50%) of all of the oil, gas, hydro-carbons and minerals in or with respect to said real property[.]"

The last clause, beginning with "but reserving," was typed in a blank space on the printed deed form.

[¶ 3] Johnson brought this quiet title action against Shield, seeking a determination that Johnson was the owner of 100 percent of the minerals located in the tract of land conveyed by the Goldenbergs. Shield answered, denying Johnson's claims and asserting a claim to 50 percent of the mineral estate. On cross-motions for summary judgment, the district court ruled as a matter of law the Goldenbergs owned all of the minerals on the property and the 1942 warranty deed unambiguously reserved to the Goldenbergs 50 percent of the minerals from their conveyance to the Johnsons.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Johnson's appeal is timely under N.D.R.App.P. 4. We have jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 5] Johnson argues the district court erred as a matter of law in interpreting the warranty deed to reserve 50 percent of the mineral interests in the Goldenbergs, because the granting clause of the deed conveyed 100 percent of the mineral interests to the Johnsons.

[¶ 6] The standard for reviewing summary judgments is well established:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court

properly granted summary judgment is a question of law which we review de novo on the entire record.

*Hamilton v. Woll*, 2012 ND 238, ¶ 9, 823 N.W.2d 754 (quoting *Wenco v. EOG Res., Inc.*, 2012 ND 219, ¶ 8, 822 N.W.2d 701).

 [¶ 7] Resolution of the issue in this case requires interpretation of the 1942 warranty deed. We interpret deeds in the same manner as we interpret contracts. N.D.C.C. § 47–09–11. The primary purpose in construing a deed is to ascertain and effectuate the grantor's intent at the time of the conveyance. *Wagner v. Crossland Constr. Co., Inc.*, 2013 ND 219, ¶ 8, 840 N.W.2d 81; N.D.C.C. § 9–07–03. The intent must be ascertained from the writing alone, if possible. N.D.C.C. § 9–07–04. A contract must be construed as a whole to give effect to each provision, if reasonably possible. N.D.C.C. § 9–07–06. If rational arguments can be made in support of contrary positions as to the term, phrase, or clause in question, a deed is ambiguous and a district court may consider extrinsic evidence to determine the parties' intent. *In re Estate of Dionne*, 2009 ND 172, ¶ 16, 772 N.W.2d 891. Whether a deed is ambiguous is a question of law, which is fully reviewable on appeal. *Wagner*, at ¶ 8.

 [¶ 8] While the purpose of a granting clause is to define and designate the estate conveyed, exceptions inserted in a warranty clause generally "are intended only to protect the grantor on the warranty and are not intended as a limitation on the nature of the interest conveyed by the granting clause." *Miller v. Kloeckner*, 1999 ND 190, ¶ 15, 600 N.W.2d 881 (internal citation and quotation marks omitted). Nevertheless, this Court has recognized that reservations or exceptions of property interests may appear in any part of a deed, including the warranty clause. *See Royse v. Easter Seal Soc'y for Crippled Children*

*& Adults, Inc.*, 256 N.W.2d 542, 545 (N.D. 1977); *see also* 4 C. Palo, *Tiffany on Real Property* § 972 (3rd ed. Supp. 2014). "[E]xceptions or exclusions of property should be set forth in the granting clause with the same prominence as the property granted, or, if placed elsewhere, should be so explicit as to leave no room for doubt." *Royse*, at 545; *see also Burlington N. R.R. Co. v. Fail*, 2008 ND 114, ¶ 7, 751 N.W.2d 188; *North Shore, Inc. v. Wakefield*, 530 N.W.2d 297, 300 (N.D.1995); *Radspinner v. Charlesworth*, 369 N.W.2d 109, 113 (N.D.1985); *Roll v. Keller*, 336 N.W.2d 648, 651 (N.D.1983).

[¶ 9] Johnson argues this Court's decision in *Mueller v. Stangeland*, 340 N.W.2d 450 (N.D.1983), supports his position that the disputed language in the 1942 deed as a matter of law constituted a limitation on the warranty rather than a reservation of mineral interests in the grantors. In that case, the granting clause of the deed contained no language excepting or reserving any minerals. *Id.* at 451. The warranty clause stated:

> The Vendor reserves [sic] for the State of North Dakota five percentum (5%) of all oil, natural gas and minerals which may be found on or underlying the North half of the Northwest quarter (N1/2NW1/4) of section Twelve (12) above described. The Vendor excepts from this Contract all minerals, including oil and gas, and all mineral rights not now owned by the Vendor as disclosed by the records in the office of the Register of Deeds of said County.

and the above bargained and granted land and premises in the quiet and peaceable possession of said parties of the second part, their heirs and assigns against all persons lawfully claiming or to claim the whole or any part thereof,

the said party of the first part will warrant and defend.

*Id.* at 451–52. The underscored language, as well as the sentence preceding it, was typed in a blank space on the printed deed form. *Id.* at 452. The heirs of the grantor argued "the underscored language excepted or reserved unto [the grantor] all of the minerals other than 5% reserved to the State of North Dakota in a portion of the land conveyed." *Id.*

[¶ 10] The Court explained:

While it is often difficult to distinguish between exceptions and reservations, both cause "something to be deducted from the thing granted, narrowing and limiting what would otherwise pass by the general words of the grant ... and ... the technical meaning will give way to the obvious intent, even though the technical term to the contrary was used." (Citations omitted). *Christman v. Emineth*, 212 N.W.2d 543, 552 (N.D. 1973). Thus, an obvious intent to deduct something from the thing granted will be given effect, whichever word is used.

*Mueller*, 340 N.W.2d at 452. The Court reasoned that placement of the exception within the warranty clause indicated an intention to except the minerals from the warranty, and concluded the language used was not "so explicit as to leave no room for doubt." *Id.* at 452–53 (quoting *Royse*, 256 N.W.2d at 545). Because contrary rational arguments could be made whether the language created an exception to the grant or to the warranty, the Court concluded the language was ambiguous and looked to extrinsic evidence to determine intent. *Mueller*, at 453–54. The Court ruled "[t]here is sufficient evidence in the record to lead one to conclude that [the grantor] did not intend to except or reserve any minerals other than the 5% reserved to the State in a portion of the land conveyed." *Id.* at 454. *See also*

*Stracka v. Peterson*, 377 N.W.2d 580, 581–84 (N.D.1985) (ruling language "subject to the reservation of 50% of all oil or minerals" in special warranty deed was ambiguous and upholding district court finding that the language was intended to be a limitation on the warranty rather than a reservation of mineral interests).

[¶ 11] Here the disputed language, which appears in the warranty clause, is "but reserving, however, to the grantor fifty per cent (50%) of all of the oil, gas, hydro-carbons and minerals in or with respect to said real property[.]" Johnson argues placement of this language in the warranty clause requires an interpretation that it is a limitation on the warranty. Shield argues use of the term "reserving" rather than the term "excepting" requires an interpretation that the language constitutes a reservation of mineral interests in the grantors. However, neither of the parties' positions comports with *Mueller*, 340 N.W.2d 450, or *Royse*, 256 N.W.2d 542.

[¶ 12] We believe the district court correctly ruled the disputed language is unambiguous. The dispositive language in the deed is "reserving ... *to the grantor*" (emphasis added). Use of the phrase "to the grantor" was wholly unnecessary to constitute a limitation on the warranty. Indeed, the phrase, reserving mineral interests "to the grantor," makes no sense in the context of a limitation on the warranty. This phrase resembles the phrase, "r[e]serves for the State," contained in the warranty clause in *Mueller*, which undisputedly constituted a reservation of mineral interests to the State. 340 N.W.2d at 451, 452, 454. "We will not strain to find an ambiguity where none appears on the face of the instrument." *Royse*, 256 N.W.2d at 545. We conclude the disputed language here is so explicit as to leave no room for doubt that it was

intended to be a reservation of mineral interests in the Goldenbergs rather than a limitation on the warranty.

[¶ 13] The district court did not err in granting summary judgment quieting title to the mineral interests in Shield.

### III

[¶ 14] It is unnecessary to address other arguments raised because they either are unnecessary to the decision or are without merit. We affirm the judgment.

[¶ 15] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER and DANIEL J. CROTHERS, JJ., concur.