# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 187

Danny B. Muhlbradt and Mary L. Muhlbradt,
Trustees of the Danny B. Muhlbradt and
Mary L. Muhlbradt Family Trust, UTD Dated
April 16, 2010, Francis D. Brunsell and
Joann F. Brunsell, as Trustees of the Brunsell
Revocable Trust dated September 23, 2015,
Linda Ruud, and Jean Hendrickson,    Plaintiffs and Appellees

    v.

Beverly Pederson, Barbara Sauvageau,
Colleen Folven, Gary Lind, Robin Lind,
Shayna Harder Wiggins, John T. Reeves, III,
as custodian for J.R. under North Dakota
Uniform Transfers to Minors Act, Kathy
Harder, Roxane Forsberg a/k/a Roxanne Forsberg,
Renae Tompkins, Kimberly J. Young, and
Denise R. Young,    Defendants and Appellants

    and

Ron Sjol, Jessica Rae Owen, individually and as co-
personal representative of the Estate of Jeffrey R.
Owen, deceased, Jenni Ray Hollister f/k/a Jenni
R. Owen, individually and as co-personal representative
of the Estate of Jeffrey R. Owen, deceased, and Scott
Bradley Owen,    Defendants

## No. 20190327

Appeal from the District Court of Mountrail County, North Central Judicial District, the Honorable Richard L. Hagar, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Matthew H. Olson (argued) and Scott M. Knudsvig (on brief), Minot, ND, for plaintiffs and appellees.

Sarah Aaberg (argued) and Stephen P. Welle (on brief), Fargo, ND, for defendants and appellants.

## Muhlbradt v. Pederson
## No. 20190327

**McEvers, Justice.**

[¶1]   The appellants (collectively, "Pederson defendants") appeal after the district court granted summary judgment quieting title to certain mineral interests in the appellees (collectively, "Muhlbradt plaintiffs").  The Pederson defendants argue that the court erred in deciding a deed did not except or reserve a future 50 percent interest in the disputed mineral interests to the defendants or their predecessor in interest.  They further contend the court erred in relying on division orders to conclude the defendants' predecessor in interest conveyed the disputed mineral interests.  We affirm.

I

[¶2]   The Muhlbradt plaintiffs and Pederson defendants are owners in the chain of title of two tracts of land in Mountrail County.  The dispute in this case only involves "Tract 2" and the interpretation of a September 25, 1953 warranty deed between William J. Young, the grantor, and Harold and Irene Olmstead, the grantees.

[¶3]   On September 15, 1953, The Federal Land Bank of Saint Paul ("FLB") conveyed Tract 2 and additional lands to Young by limited warranty deed, in which the FLB reserved 50 percent of the mineral interests in Tract 2 "for a period of twenty-five (25) years from October 14th 1944," unless any minerals were being produced or removed from the premises or royalties were being paid.  The FLB subsequently filed a notice of disclaimer of its interest in the minerals in and under Tract 2, dated October 24, 1969, after its expiration on October 14, 1969.

[¶4]   On September 25, 1953, Young conveyed Tract 2 to the Olmsteads by warranty deed.  As relevant to this case, the language in dispute in this deed is the exception provided after the legal description of the property conveyed, stating "except an undivided fifty percent of all oil, gas, and other minerals . . . as reserved by The Federal Land Bank of Saint Paul in deed recorded in Book 288, Page 625[.]"

1

[¶5]   In July 2017, the Muhlbradt plaintiffs commenced this action seeking to quiet title in the tracts.  In October 2018, the Muhlbradt plaintiffs moved the district court for summary judgment, asserting they are the owners of the 50 percent mineral interest in Tract 2 as the Olmsteads' successors in interest. The Pederson defendants opposed the motion and made a cross-motion for summary judgment, asserting that Young had not conveyed the future interest in the disputed 50 percent mineral interest and that they hold title to those interests as his successors in interest.

[¶6]   In January 2019, the district court held a hearing on the motions.  In August 2019, the court granted summary judgment to the Muhlbradt plaintiffs, concluding the Olmsteads' successors in interest are the rightful owners.  In construing the 1953 warranty deed, the court observed that Young used the words and phrase "reserving" and "unto the party of the first part" to establish his intent to reserve from the grant a 25 percent mineral interest to himself and for his benefit. The court further observed, however, this language was not used in either of the clauses involving the coal reserved by the United States or the 50 percent mineral interest reserved by the FLB.

[¶7]   The district court therefore concluded the warranty deed conveyed Young's future interest in the mineral interest to the Olmsteads and the Olmsteads obtained full ownership of the mineral interest when the 25-year FLB reservation expired under the language of the September 25, 1953 warranty deed.  The court stated that "additional findings" were not required based on its conclusion in construing the deed.  Nevertheless, the court also stated, regarding Tract 2, that a revised stipulation of interest in October 2009 had provided each party had ratified and affirmed earlier division orders setting forth plaintiffs' ownership interests.

II

[¶8]   The district court decided this action by summary judgment, which "is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law." *THR Minerals, LLC v. Robinson*, 2017 ND 78,

2

¶ 6, 892 N.W.2d 193; *see also Hamilton v. Woll*, 2012 ND 238, ¶ 9, 823 N.W.2d 754. Questions of law are fully reviewable on appeal. *THR Minerals*, at ¶ 6. This Court reviews a summary judgment decision de novo on the entire record. *Id.* "Summary judgment is inappropriate if neither party is entitled to judgment as a matter of law or if reasonable differences of opinion exist as to the inferences to be drawn from the undisputed facts." *Markgraf v. Welker*, 2015 ND 303, ¶ 10, 873 N.W.2d 26 (quoting *N. Oil & Gas, Inc. v. Creighton*, 2013 ND 73, ¶ 11, 830 N.W.2d 556).

## III

[¶9] The Pederson defendants argue the district court erred when it interpreted the 1953 deed as having conveyed William Young's reserved future mineral interest in Tract 2 to the Olmsteads.

[¶10] This Court interprets "deeds in the same manner as contracts, with the primary purpose to ascertain and effectuate the parties' or grantor's intent." *THR Minerals*, 2017 ND 78, ¶ 8 (citing *Sargent Cty. Water Res. Dist. v. Mathews*, 2015 ND 277, ¶ 6, 871 N.W.2d 608; *Golden v. SM Energy Co.*, 2013 ND 17, ¶ 11, 826 N.W.2d 610); *see also* N.D.C.C. § 9-07-03. This Court explained:

> The parties' intent is ascertained from the writing alone if possible. N.D.C.C. § 9-07-04. "The language of a contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity." N.D.C.C. § 9-07-02. "When the parties' intent can be determined from the contract language alone, interpretation of a contract presents a question of law." *Border Res., LLC v. Irish Oil & Gas, Inc.*, 2015 ND 238, ¶ 15, 869 N.W.2d 758. . . . "[W]hen a contract is ambiguous, [however,] extrinsic evidence may be considered to determine the parties' intent, and the contract terms and the parties' intent become questions of fact." *Border Res.*, at ¶ 15.

*THR Minerals*, at ¶ 8. "If rational arguments can be made in support of contrary positions as to the term, phrase, or clause in question, a deed is ambiguous and a district court may consider extrinsic evidence to determine the parties' intent." *Johnson v. Shield*, 2015 ND 200, ¶ 7, 868 N.W.2d 368.

3

"Whether a deed is ambiguous is a question of law, which is fully reviewable on appeal." *Id.*

[¶11] The 1953 warranty deed at issue provides the following language after the description of the property conveyed, in relevant part:

> [Legal description of the property]; except coal in or under the Southwest Quarter of said Section Fourteen and the East Half of the Northeast Quarter of said Section Twenty-Two as reserved by the United States; *except an undivided fifty percent of all oil, gas, and other minerals* in or under the East Half of the Northeast Quarter, the Southwest Quarter of the Northeast Quarter, and the West Half of the Southeast Quarter of Section Twenty-Two, and the Southwest Quarter of Section Fourteen *as reserved by The Federal Land Bank of Saint Paul in deed recorded in Book 288, Page 625*; and excepting and reserving unto the party of the first part herein an undivided twenty-five percent of all oil, gas, and other minerals in or under the East Half of the Northeast Quarter, the Southwest Quarter of the Northeast Quarter, and the West Half of the Southeast Quarter of said Section Twenty-Two[.]

(Emphasis added.)

[¶12] The Pederson defendants contend the district court erred in its interpretation of the 1953 deed's plain language to conclude Young conveyed his reserved future mineral interest in Tract 2 to the Olmsteads. They contend that under the deed's language Young deducted his future interest, which was reserved by the FLB, from the property granted by the clear exception language in the granting clause of the 1953 deed.

[¶13] The Pederson defendants argue the district court erred in interpreting the 1953 deed's plain language to conclude Young did not except his future reversionary interest in FLB's reserved fifty percent interest. They argue the court erred in holding the word "except" only served as a limitation on Young's warranty despite being in the granting clause. They contend the 50 percent interest was "clearly" excepted from the conveyance to the Olmsteads based on: 1) the plain language of the exception, 2) the location of the exception in the granting clause, 3) the specific description of the property excepted, and 4)

4

Young's intention to except the interest. They contend the court erred as a matter of law in concluding otherwise.

[¶14] The Muhlbradt plaintiffs respond the district court properly concluded the Olmsteads obtained full ownership of the mineral interest on October 14, 1969, when the FLB's 25-year reservation expired, per the warranty deed's unambiguous language. The Muhlbradt plaintiffs argue the court's decision was based on the warranty deed's unambiguous language alone.

[¶15] Our decision in *Johnson v. Shield*, 2015 ND 200, ¶ 8, 868 N.W.2d 368, is instructive, recognizing "that reservations or exceptions of property interests may appear in any part of a deed, including the warranty clause," and stating "[e]xceptions or exclusions of property should be set forth in the granting clause with the same prominence as the property granted, or, if placed elsewhere, should be so explicit as to leave no room for doubt." *Id.* (quoting *Royse v. Easter Seal Soc'y for Crippled Children & Adults, Inc.*, 256 N.W.2d 542, 545 (N.D. 1977)). This Court further explained:

> While it is often difficult to distinguish between exceptions and reservations, both cause "something to be deducted from the thing granted, narrowing and limiting what would otherwise pass by the general words of the grant . . . and . . . the technical meaning will give way to the obvious intent, even though the technical term to the contrary was used." (Citations omitted). *Christman v. Emineth*, 212 N.W.2d 543, 552 (N.D. 1973). Thus, an obvious intent to deduct something from the thing granted will be given effect, whichever word is used.

*Johnson*, at ¶ 10 (quoting *Mueller v. Stangeland*, 340 N.W.2d 450, 452 (N.D. 1983)).

[¶16] We construe the 1953 warranty deed as clear on its face. While the exception at issue falls within the granting clause of the 1953 warranty deed,

5

the dispositive language in the exception is "as reserved by."  We agree with the district court's conclusion that the deed's language is unambiguous and conveyed to the Olmsteads Young's future interest in the 50 percent mineral interests reserved by the FLB.

[¶17] The deed's operative language, "except an undivided fifty percent of all oil, gas, and other minerals . . . as reserved by The Federal Land Bank of Saint Paul in deed recorded in Book 288, Page 625," on its face excepts from the conveyance the 50 percent interest "as reserved by" the FLB in the earlier deed. The phrase "as reserved by" limits the exception's scope and application to only the FLB's interest, "as reserved" in the prior limited warranty deed.  We read no "obvious intent" from the deed to deduct the future reversionary interest from the property conveyance to the Olmsteads.  Construing the 1953 warranty deed as a whole, Young had specifically excepted and reserved to himself an undivided 25 percent of the mineral interest, without reference to the potential contingent future interest in the FLB limited warranty deed.  Young could have made clear an intent to except and reserve unto himself the future interest in this clause, but did not.

[¶18] We conclude the deed is unambiguous and did not except and reserve the future interest in the undivided 50 percent to Young.  Our conclusion is based on construing the deed's exception as only excepting FLB's interest "as reserved by" the prior deed, held at the time of the 1953 deed, and construing this language in the context of the other specific exception and reservation of an undivided 25 percent reservation to Young.  We therefore conclude the district court did not err in construing the deed.

[¶19] We conclude the district court did not err in granting summary judgment quieting title to certain mineral interests in the Muhlbradt plaintiffs.

6

## IV

[¶20] We have considered the remaining arguments and conclude they are either without merit or not necessary to our decision. The judgment is affirmed.

[¶21] Lisa Fair McEvers
      Daniel J. Crothers
      Jerod E. Tufte
      Gerald W. VandeWalle
      Jon J. Jensen, C.J.